# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-254-MOC-DSC

| | |
|---|---|
| **DERRITT SWEARINGTON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **FEDERAL TRADE COMMISSION, et. al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant Federal Trade Commission's "Motion to Dismiss" (document #8), pro se Plaintiff's filings captioned "Notice of Remover" and "Amendment Notice of Remover" which have been docketed as "Motion to Remand" (document #12) and "Amended Motion to Remand" (document #14), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted and Plaintiff's Motions to Remand be denied, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2016, Plaintiff instituted this action by filing a document captioned "Secirity [sic] Agreement Complaint RULE 12 MOTION in Lieu Answer : Discovery Scheduling Order ; Notice ; More Definite Statement" in Mecklenburg County District Court, naming the "Fedaral

Trade Commion [sic], DME-Direct/Viscoped S Insole and Paul Cox" as Defendants. Plaintiff subsequently filed multiple documents purporting to be amended pleadings, some with a summons, and several certificates of service. The record does not reflect which documents were served on the identified recipients. There is no indication in the record that any Defendant has been properly served.

The underlying dispute appears to arise out of Plaintiff's former business relationship with the non-federal Defendants, and their efforts to obtain a patent and/or other intellectual property rights related to the development of some type of footwear. In different documents, Plaintiff seeks ten billion or nineteen billion dollars in damages.

It is not clear what, if any, causes of action Plaintiff is attempting to allege against Defendant Federal Trade Commission ("FTC"). Plaintiff submitted a letter from the FTC's Consumer Response Center ("CRC") dated October 28, 2015 along with one of his filings. The CRC thanked Plaintiff for contacting the FTC, provided a brief explanation of the FTC's Congressional mandate to protect consumers from fraudulent, deceptive and unfair business practices, and advised that the FTC "is not able to intervene in individual disputes." (Document #8-5 p. 2). The CRC advised that the information it received from Plaintiff had been recorded in its secure online database, and gave him a list of resources for consumers. Id.

On May 12, 2017, Defendant FTC removed the state case to the United States District Court for the Western District of North Carolina.

On June 19, 2017, Defendant FTC moved to dismiss on the grounds that the Complaint fails to state a claim upon which relief can be granted.

In response, on July 5 and 17, 2017, respectively, Plaintiff filed a "Motion to Remand" (document #12) and "Amended Motion to Remand" (document #14). Plaintiff's Motions do not

state a basis for challenging removal. It is well settled that district courts have original jurisdiction over suits against the United States and its agencies, 28 U.S.C. §§ 1441(a) and 1442(a)(1). Moreover, Plaintiff's Motion to Remand is untimely. 28 U.S.C. § 1447(c). (motion to remand must be filed within thirty days of filing of notice of removal). Accordingly, the undersigned respectfully recommends that Plaintiff's Motions to Remand be <u>denied</u>.

Defendant's Motion to Dismiss is ripe for determination.

## II. <u>DISCUSSION</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555) (allegation that government officials adopted challenged policy

"because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Taking the sparse factual allegations of Plaintiff's filings as true, at most, he made a consumer complaint to the FTC and is dissatisfied with its response. Plaintiff has failed to state any intelligible claim for relief against Defendant FTC.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u>.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Plaintiff's "Motion to Remand" (document #12) and "Amended Motion to Remand" (document #14) be **DENIED**; and

2. Defendant Federal Trade Commission's "Motion to Dismiss" (document #8) be **GRANTED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, to defense counsel, and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: August 17, 2017

_____
David S. Cayer
United States Magistrate Judge