UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00254-MOC-DSC

| | |
|---|---|
| **DERRITT SWEARINGTON,** | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ORDER OF DISMISSAL OF ) FEDERAL DEFENDANT AND ) REMAND TO STATE COURT ) ) |
| **FEDERAL TRADE COMMISSION PAUL COX DME-DIRECT/VISCOPED S INSOLE,** | ) ) ) ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the August 17, 2017, Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

**I.  Applicable Standard of Review**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute

1

does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith. In addition, the Court will remand the remainder of the action to state court as removal was based on the presence of a federal defendant and, with the dismissal of such federal defendant, no cognizable federal claims remain and the court declines to exercise its supplemental jurisdiction over any state claims inasmuch as it is unclear whether plaintiff ever perfected service on the non-federal defendants prior to removal.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#16) is **AFFIRMED,** plaintiff's Motion to Remand (#12) is **DENIED**, defendant Federal Trade Commission's Motion to Dismiss is **GRANTED**, and defendant Federal Trade Commission is dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that the remainder of this action is **REMANDED** to the North Carolina General Court of Justice, Mecklenburg County, for further proceedings.

Signed: September 8, 2017



Max O. Cogburn Jr.
United States District Judge